UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YULUNG LI | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | NO. |
| ARCADIA RECOVERY BUREAU, LLC | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action arises out of illegal acts and omissions of the above-named Defendant, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Plaintiff seeks actual damages, statutory damages, costs, and attorney's fees.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

3. Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, YU LUNG LI, ("Plaintiff") is a natural person residing in Bellefonte, Centre County, Pennsylvania. Because Plaintiff is allegedly obligated to pay a debt, namely a medical bill, that is the subject of this case, that was primarily used for family, personal or household purposes, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

5.  Defendant, Arcadia Recovery Bureau, LLC ("Defendant" or "Arcadia") is, upon information and belief, a limited liability corporation with an address at 645 Penn Street, 4th Floor, Reading, PA 19601. Defendant transacted business in the Middle District of Pennsylvania, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, attorneys, authorized representatives, partners, employees, agents and/or workmen and is either individually or vicariously liable to Plaintiff.

6.  Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

## IV. FACTUAL ALLEGATIONS

7.  On or about April 27, 2018, received medical services rendered by Brandywine Hospital.

8.  Plaintiff believed that his insurance provider, Aetna, paid Brandywine Hospital for its' medical services.

9.  On or about October 16, 2020, Defendant mailed its initial collection letter to Plaintiff requesting payment of $580.07. A true and correct copy of the Defendant's letter is attached hereto as Exhibit "A'.

11. Defendant's collection letter referenced the creditor as Brandywine Hospital and the date of service as April 27, 2018.

12. Prior to Defendant's collection letter, Plaintiff had not received any correspondence from Brandywine or any other debt collector stating he owed money for Brandywine's medical services.

13. On October 26, 2020, in response to Defendant's collection letter, Plaintiff set up a conference call between Plaintiff, Plaintiff's insurance carrier Aetna and Defendant.

14. During the call, Plaintiff disputed the debt and, in support of his dispute, the Aetna representative explained to Defendant hat Plaintiff did not owe the amount Defendant was attempting to collect because the services rendered by Brandywine were compensated through the terms of its contract with Aetna.

14. Despite the explanation given to Defendant, after the conference call, Defendant continued making several collection calls to Plaintiff in order to collect the full amount of its claim.

15. Plaintiff responded to the calls by disputing the debt.

16. Plaintiff was, subsequently, apprised by Aetna that there may be a small deductible on the account of $48.07, however, Brandywine never sent an invoice or otherwise attempted to collect that amount.

17. As set forth above, the amount claimed by Defendant was in excess of any monies owed by Plaintiff.

18. Despite knowing that the amount it was attempting to collect was wrong, Defendant continued its collection efforts.

19. By requesting an amount for which Defendant was not entitled to collect, Defendant violated several provisions of the FDCPA.

20. Despite Plaintiff's dispute of the debt, Defendant never validated the debt and, instead, continued its collection efforts against Plaintiff.

21. At all times relevant hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and the rights of the Plaintiff herein.

22. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

23. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

23. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

24. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

25. Defendant's collection efforts with respect to the alleged debt caused an invasion of privacy to Plaintiff as well as inconvenience by having to spend an inordinate amount of time and use of his phone trying to resolve the debt collection issue.

26. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that were in violation of the below listed sections of the FDCPA.

### V. CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

27. Plaintiff incorporates his allegations of paragraphs 1 through 26 as though set forth at length herein.

28. Defendant's actions in attempting to collect a debt in excess of the amount which may have been due are false, deceptive, material and misleading to Plaintiffs as follows:

   (a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   (b) Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

   (c) Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character and amount of the alleged debt.

   (d) Defendant violated 15 U.S.C. § 1692e(5) by taking an action that cannot be legally taken.

   (e) Defendant violated 15 U.S.C. § 1692e(10) which prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   (f) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt.

(g)     Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by agreement or permitted by law.

(h)     Defendant violated 15 U.S.C. § § 1692 g(B) by continuing collection efforts after a dispute and before the debt was validated.

29.    As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered inconvenience, confusion and emotional distress including but not limited to anger, anxiety, frustration, fear and humiliation.

30.    Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

31.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

32.    Plaintiff incorporates his allegations of paragraphs 1 through 31 as though set forth at length herein.

33.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

34.    As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YULING LI, prays that judgment be entered against Defendant for the following:

(1) Actual damages;

(2) Statutory damages each in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4) Declaratory judgment that Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

35. Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 50
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com